IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

STATE NATIONAL INSURANCE COMPANY                                    PLAINTIFF

V.                                                    CAUSE NO.: 4:10CV062-SA-JMV

MARKETING SERVICES, INC. and
WHITE GOLD COMMODITIES, INC.                                       DEFENDANTS

MEMORANDUM OPINION

A Final Judgment and Memorandum Opinion granting summary judgment in favor of Plaintiff in this case was entered on January 16, 2012. Defendants filed a Notice of Appeal to the Fifth Circuit within the time limits proscribed by the Federal Rules of Appellate Procedure. Thereafter, Defendants filed a Motion for Relief from Judgment because of Newly Discovered Evidence [63]. Defendants filed a supplemental motion [65] requesting a Federal Rule of Civil Procedure 62.1 indicative ruling notifying the Fifth Circuit that if the district court still had jurisdiction to consider the newly discovered evidence, it would alter or amend the prior judgment. After reviewing the entire record of this case, including the submissions and responses on summary judgment, the pleadings filed in this case, the district court's judgment and memorandum opinion, and the post-judgment filings, the Court DENIES the Motion for Relief from Judgment because of Newly Discovered Evidence [63] and DENIES the supplemental motion requesting an indicative ruling [65]. As noted below, the Court finds that consideration of the "newly discovered" documents which are the releases executed by Defendants' China-based agent, would not cause the Court to alter or amend the earlier judgment. Accordingly, the Court finds the requested coverage to be properly denied.

*Factual and Procedural Background*

State National Insurance Company filed this action for Declaratory Judgment seeking a declaration of the rights, duties and liabilities owed on the marine cargo insurance policy procured by Marketing Services, Inc. (MSI), and White Gold Commodities, Inc. (White Gold). At the time the complaint was filed, MSI and White Gold were entities engaged in the business of cotton factoring, brokerage, and marketing and exportation of cotton from the United States to other countries. In December of 2008, Defendants shipped 2184 bales of raw Texas cotton to Shanghai, China for storage at a warehouse. Defendants contend the contract with the warehouse provided that no cotton was to be released except upon written consent of Jim Dawkins or Darrell Foreman, both MSI and White Gold principals. In June of 2009, Tang Quang Zing, Defendants' agent in China, entered into an agreement binding White Gold to sell 880 bales of cotton without Defendants' authority. That cotton was removed from the Chinese warehouse without the consent of Dawkins or Foreman. On September 18, 2009, White Gold filed a claim under the Marine Policy issued by Plaintiff for the loss of 880 bales of cotton, which White Gold alleges were removed from a warehouse in China without authorization of payment received by White Gold.

MSI and White Gold answered and counterclaimed for bad faith breach of contract. They contend that because "Tang Z.Q. and/or other persons or third parties, and [the warehouse] fraudulently with malice and/or dishonesty, misappropriated White Gold Cotton," the claim should be covered by the Marine Declaration Insurance. In particular, Defendants cite the following provision as providing coverage for their loss:

**EXCLUSIONS OF COVERAGE**

In no case shall this insurance cover any loss, damage or expense as a result of:

Misappropriation, concealment, conversion, infidelity and/or dishonest act(s) committed by or at the instigation of the Assured, their employees or appointed agents. This exclusion shall not apply to carriers for hire or loss of and/or theft of documents of title by reason of the actions of any third party obtaining possession of the insured goods by fraud, malice and/or dishonest act.

Plaintiff filed a Motion for Summary Judgment, which the Court granted. The Court found that the plain language of the insurance contract excluded coverage. Indeed, because the admitted agent of Defendants, Tang, "instigated" the "misappropriation" of the fair market value of the 880 bales of cotton, the loss was clearly excluded by the above-cited paragraph. The Court held that the second sentence regarding "carriers for hire" and "documents of title" would not save the claim from exclusion as there was no evidence that either of those conditions were present in this case. Defendants filed a Notice of Appeal to the Fifth Circuit challenging that ruling.

Defendants have now filed a Rule 60(b)(2) Motion for Relief from Judgment because of Newly Discovered Evidence [63]. They contend that recently discovered documents originated by Tang Quang Zing and executed in the name of MSI released the 880 bales of cotton, and should be considered "documents of title." Thus, Defendants contend the exclusion to the exclusion applies and coverage would be available under the Marine Declaration Insurance.

Upon notice from the Fifth Circuit that it would not remand the action back to this Court and stay the appeal, Defendants filed a supplement to the Rule 60(b)(2) motion requesting that the Court indicate to the Fifth Circuit, pursuant to Rule 62.1, that if it had jurisdiction to consider the Rule 60(b)(2) motion, it would grant that motion.

*Applicable Standards for Post-Appeal Relief*

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding based on newly discovered evidence. Where a party has filed a Notice of Appeal before filing a Rule 60(b) motion, a district court has jurisdiction to consider and deny the Rule 60(b) motion. <u>Dominguez v. Gulf Coast Marine & Assocs.</u>, 607 F.3d 1066, 1073-74 (5th Cir. 2010); <u>see</u> <u>also</u> Fed. R. Civ. P. 62.1. The Rules provide that where the court lacks authority to grant the Rule 60(b) motion, as is the case here, the court may: (a) defer considering the motion; (b) deny the motion; or (c) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

*Discussion and Analysis*

Defendants contend that the newly discovered formal release documents would be considered documents of title. Accordingly, Defendants assert that this brings the exclusion to the exclusion into play and would provide coverage for Defendants' loss.

As noted above, the "Exclusions of Coverage" clause of the parties' insurance contract excludes coverage for:

> Misappropriation, concealment, conversion, infidelity and/or dishonest act(s) committed by or at the instigation of the Assured, their employees or appointed agents. This exclusion shall not apply to carriers for hire or loss of and/or theft of documents of title by reason of the actions of any third party obtaining possession of the insured goods by fraud, malice and/or dishonest act

According to the plain language of the provision, in order for the exclusion not to apply, the fraud at issue must involve either a carrier for hire, or theft of document resulting from the actions of a third party. In this case, the Court has already found that Tang Zhong Qing was an agent for Marketing Services, Inc. and White Gold Commodities, Inc., during the time period

4

and for the actions involved. Thus, regardless of this newly discovered evidence, the Court finds that the exclusion for agent misappropriation would still apply.

Therefore, the Motion for Relief from Judgment because of Newly Discovered Evidence [63] is DENIED. Defendants' Supplemental Motion [65] is MOOT as the Court has jurisdiction to deny the motion for relief.

SO ORDERED, this the 18th day of January, 2013.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**